589 A.2d 1380

56 GLENWOOD CORP., PLAINTIFF, v. HELEN
PLOTKIN, DEFENDANT.

Superior Court of New Jersey
Law Division Special Civil Part
Hudson County

Decided October 30, 1990.

*Murray Greiman* for plaintiff.

*K. Joseph Vyzas* for defendant.

HORNSTEIN, J.S.C.

This is an action which involves the question: can a residential tenant be evicted if the tenant does not actually reside in the demised premises?

The facts are these:

Plaintiff is the owner of a multi-family apartment building located at 56 Glenwood Avenue, Jersey City. Plaintiff purchased the building in 1987. The building has been converted to condominiums.

Defendant rents apartment # 39 in that building. She and her husband (now deceased) had been renting that same apartment for over 35 years.

Defendant's husband died in 1981. In about 1983, defendant began living in New York with her twin adult daughters. She has continued living with them, is now in ill health, is cared for by the daughters and is under a medical doctor's supervision.

Defendant pays a monthly rental of $471.

In the apartment are defendant's furniture and accessories, decorations, books, *etc.*, the same as if someone were occupying the apartment.

Mail is addressed to defendant at 56 Glenwood Avenue. It is collected by the superintendent and called for periodically by one of defendant's daughters.

The gas and electric bills for the apartment are in defendant's name, mailed to the local address and paid for by defendant.

The telephone is listed in defendant's husband's name, at 56 Glenwood Avenue and the monthly bill is paid by defendant.

Defendant maintains a checking account at a Jersey City bank. Checks from this account are used to pay the expenses of the apartment.

Defendant has a tenant's protection policy for the apartment. It is and has been obtained through a local Jersey City insurance broker.

Defendant is registered to vote as a resident of Jersey City. She last voted in 1989.

When she first began to stay with her daughters, defendant would go "back and forth" to Jersey City. She would attend to her business and "stay all day." She returned to New York to sleep. The last time she was in Jersey City was in November 1989. Presumably, she is now too ill to journey to Jersey City.

One of defendant's daughters goes to the apartment about once a month, sometimes more often and when called by the building's superintendent. The visits are to obtain the mail and for whatever else may be necessary.

The attorney for plaintiff sent a letter to defendant dated November 2, 1989. The letter reads in part:

Dear Helen,

. . . .

In 1990, we will be moving to terminate all tenancies that were protected for 3 years under the Condominium Law. This will of course require dispossess actions. You would be included in the group because you never filed for senior citizen status.

There is a severe housing shortage in Jersey City, and we have the right to apply to terminate your tenancy because you have not actually lived there since Rabbi Plotkin died in 1982.

A "Notice of Termination of Tenancy" dated December 15, 1989 was served on defendant. The tenancy was terminated as of February 1, 1990. There is no dispute as to service of this notice.

The notice is addressed to defendant as a tenant, "56 Glenwood Avenue—apt. # 39, Jersey City, N.J. 07306."

It quotes the second paragraph above, of the November 2 letter. And it further recites that defendant lives in New York and only visits to collect the mail. The last paragraph of the notice reads:

You have not lived in apartment # 39 since 1982, other than to visit it as outlined. Public policy requires month-to-month tenancy to be terminated if the tenant fails to reside in the apartment while she moves to another apartment approximately 5 miles away. It is understood that such a month-to-month tenancy requires the tenant, herself, to live in the unit which you have abandoned for 7 years, although continuing to pay the monthly rental. It is against public policy for you to hold without your occupancy a subsidized ceiling apartment when there is an acute housing shortage in Jersey City and its environs.

Nowhere, in the notice, is there any reference to *N.J.S.A.* 2A:18–61.1, the anti-eviction statute.

Rent, since February has been collected without prejudice.

### Conclusions of Law.

There is no doubt defendant is a tenant. She had resided in the apartment for many years, then moved to New York to stay with her daughters. She continues to maintain the apartment for her own use. She has been consistently regarded as a tenant by plaintiff. If nothing else, the "Notice of Termination of Tenancy" by plaintiff verifies that fact.

The anti-eviction statute, *N.J.S.A.* 2A:18–61.1 was enacted to protect tenants from unjustified evictions and to enable landlords to dispossess tenants under reasonable circumstances. The act provides 21 specific grounds for evictions. None of these grounds authorize an eviction if a tenant does not physically live in the rented apartment.

Plaintiff claims defendant has "abandoned" the apartment by not living there. Not so.

"Abandon" is defined as:

1 *a:* to give up to the control or influence of another person or agent *b:* to give up with the intent of never again claiming a right or interest in. [*Webster's Ninth New Collegiate Dictionary* (1989) at 43]

Clearly, defendant has not abandoned the apartment. She has her furniture and possessions there; it is attended to by her daughters; her mail is addressed there; she votes from that address and other factors as found *supra.*

A comment in the 1989 edition of the New Jersey Institute for Continuing Legal Education handbook, *Tenant–Landlord Practice,* is worth noting:

> ... a tenant can never be evicted unless he violates his obligations under the lease or unless the building is removed from the rented housing market. It [*N.J.S.A.* 2A:18–61.1] virtually gives the tenant the option of a lifetime lease if he so chooses. [at 9]

The answer to the opening question is: No.

As long as rent is paid and there is no violation by a residential tenant of any of the provisions of the anti-eviction statute and the apartment is not wanted for personal occupancy, a tenant cannot be dispossessed of his or her apartment in a multi-family apartment building.

A person need not physically live in the apartment to be considered a tenant and be protected by the anti-eviction statute.

There being no stated grounds to dispossess this tenant under any of the provisions of *N.J.S.A.* 2A:18–61.1, the complaint must be dismissed.